United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

Nos. 97-1471EA, 97-1654EA
_____

_____

No. 97-1471EA
_____

United States of America,

   Appellee,

 v.

Jimmy Bartlett,

   Appellant.

_____

No. 97-1654EA
_____

United States of America,

   Appellee,

 v.

Russell Lance Bartlett,

   Appellant.

\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* On Appeal from the United 
\* States District Court 
\* for the Eastern District 
\* of Arkansas. 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\* 
\*

_____

Submitted:  September 11, 1997

Filed:   September 19, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.


Appellants Jimmy Bartlett and Russell L. Bartlett entered conditional pleas of guilty to drug charges and were sentenced.  They now bring these appeals, contending that the District Court[1] erred in denying their motion to suppress certain evidence that the government would have introduced against them if the case had gone to trial.

The question presented is the validity of the search warrant under which the evidence in question was seized.  In brief, the facts are these.  Federal and state agents, working together, obtained a search warrant for premises described as "THE PREMISES KNOWN AS the Jim Bartlett residence at 402 Quarry Road, Russellville, Pope County, Arkansas . . .."  In attempting to execute the warrant, the agents went by mistake to another house, located at 406 Quarry Road.  Upon realizing that they were at the wrong house, the agents proceeded to the right location, 402 Quarry Road, and secured the premises.  Believing that it would be prudent to do so, they then obtained a second search warrant, containing better directions to the right address.  There is no question that the first warrant was, or would have been, valid.  The contention is

_____

[1]The Hon. Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

pressed, however, that the search was conducted pursuant to the second warrant, and that it was not valid.

The second warrant was identical to the first warrant in most respects. The crucial difference, according to appellants, was that certain phrases contained in the first warrant were omitted from the second warrant. The first warrant contained the following statement:

> This search warrant is to pertain to the aforementioned residence, the aforementioned storage area and to include the curtilage, and all purtenances thereto, and all vehicles under his control in Pope County in the State of Arkansas, there is now being concealed certain property, namely: methamphetamine . . ..

In the second warrant, everything in this passage up to the words "in Pope County" is left out. The second warrant plainly includes an incomplete sentence, and no one reading it could fail to realize that certain material had been omitted.

It seems virtually certain that the omission was a clerical error, made by someone on a typewriter or, perhaps, a computer. In any case, the second warrant, like the first, commanded the officers to "search forthwith the Person/Premises named for the property herein specified . . .." The second warrant, like the first, clearly referred to the Bartlett residence at 402 Quarry Road, and to a storage area near the house. Thus, even if the omission of the language in question from the second warrant is given full effect, the second warrant still unmistakably authorizes a search of 402 Quarry Road and of the storage area.

When viewed in context, the issue presented on appeal is wholly without substance. Both warrants were valid. Even if, as appellants claim, we should disregard the first warrant, and consider the case as if only the second warrant were material, the

order of the District Court denying the motion to suppress must stand. The second warrant described the premises, including the residence and the storage area, with particularity, and authorized the officers to search them for certain described property. This is what the officers did, and we find no fault in their conduct.

The judgments are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.